## DEVER v. VISIC.
### No. 12757.

United States Court of Appeals
Fifth Circuit.
March 31, 1950.

Ernest L. Duhaime, Asst. U. S. Atty., Miami, Fla., H. S. Phillips, U. S. Atty., Tampa, Fla., for appellant.

Walter E. Dence, Charles B. Breslow, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

WALLER, Circuit Judge.

The Government brings this appeal from the final order in habeas corpus proceedings in the United States District Court

for the Southern District of Florida, Miami Division, by the terms of which the Officer in Charge of the Immigration and Naturalization Service for the said District, respondent in the Court below and appellant here, was ordered to terminate deportation proceedings against John Visic, petitioner below and appellee here.

John Ivan Visic, a Yugoslavian by nativity, a seaman by occupation, entered the United States on several occasions for prolonged stays during the period 1925 through 1948. On one of such occasions (August, 1943) he was arrested by immigration authorities, held in custody at Ellis Island, and charged with being in this country illegally as an alien seaman. Anticipating deportation and pending the proceedings, Visic volunteered for duty as a seaman on a merchant vessel in the service of the United Nations, in which role, with the permission of the immigration authorities, he served until regularly and honorably discharged.

Seeking permanent residence and legal entry into the United States under color of the preferential status provided by law for alien seamen who had served with the allied nations, Visic in September, 1948, applied for and obtained an immigration visa from the American Consul in Havana, Cuba, and by privilege of this credential landed in Miami, September 8, 1948, where he was detained and interrogated by immigration authorities, with the result that he was temporarily excluded from admission pursuant to the provisions of Part 175.57, Title 8, Code of Federal Regulations, as "a person whose entry, is deemed prejudicial to the United States." Through the claimed empowerment of the same regulation the Attorney General subsequently made the order of exclusion permanent and ordered Visic's deportation by the first available transportation. At this juncture Visic filed his petition for writ of habeas corpus.

In reply to the rule to show cause issued upon the petition, the immigration authorities simply recited the antecedent facts giving rise to the detention and represented that under authority of the regulation cited hereinabove the detention and pending order of deportation were lawful.

Denouncing the Government's reply as a mere catalogue of legal conclusions that wholly failed to advance sufficient facts to show cause, the petitioner moved for a better statement and for an order to compel the Respondent, Immigration and Naturalization Service, to attach to the respondent's return the documents and records of the proceedings upon which the exclusion of the petitioner was predicated. The motion was granted. Whereupon the United States Attorney applied for a rehearing, vigorously asserting that disclosure of the records and proceedings in Visic's case would be a violation of Department of Justice regulations unless permission were obtained from the Attorney General or an assistant to that officer, and that such permission had been expressly refused in this instance. Further, the Government urged that the records in Visic's case contained confidential information, and that a mandate of Court requiring revelation thereof would serve as a most harmful precedent, the effect of which could well be, on occasions, to imperil the national security and safety. The Government's motion for rehearing was denied and the writ of habeas corpus issued containing the provisions stated at the outset.

The appellant, United States Immigration and Naturalization Service, contends that Part 175.57, Title 8, C. F. R., invests the Attorney General with authority to order, without hearing, the exclusion of an alien. This contention must be sustained in conformance with the holding in United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 70 S.Ct. 309,[1] which supervened

1. The Supreme Court, in U. S. ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 542, 70 S.Ct. 309, 312, said:
  "* * * The exclusion of aliens is a fundamental act of sovereignty. The right to do so stems not alone from legislative power but is inherent in the executive power to control the foreign affairs of the nation. United States v. Curtiss-Wright Export Corp., 299 U.S. 304, 57 S.Ct. 216, 81 L.Ed. 255; Fong Yue Ting v. United States, 149 U.S. 698,

926

the adjudication of this proceeding in the Court below.

The order of the Court below is reversed and the cause is remanded with directions to discharge the writ of habeas corpus and remand the petitioner therein to the custody of the Officer in Charge, Immigration and Naturalization Service, at the port of Miami.

Reversed and remanded.

713, 13 S.Ct. 1016, 1022, 37 L.Ed. 905. When Congress prescribes a procedure concerning the admissibility of aliens, it is not dealing alone with a legislative power. It is implementing an inherent executive power.

"Thus the decision to admit or to exclude an alien may be lawfully placed with the President, who may in turn delegate the carrying out of this function to a responsible executive officer of the sovereign, such as the Attorney General. The action of the executive officer under such authority is final and conclusive. Whatever the rule may be

concerning deportation of persons who have gained entry into the United States, it is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien. Nishimura Ekiu v. United States, 142 U.S. 651, 659–660, 12 S.Ct. 336, 338, 35 L.Ed. 1146; Fong Yue Ting v. United States, 149 U.S. 698, 713–714, 13 S.Ct. 1016, 1022, 37 L.Ed. 905; Ludecke v. Watkins, 335 U.S. 160, 68 S.Ct. 1429, 92 L.Ed. 1881. Cf. Yamataya v. Fisher, 189 U.S. 86, 101, 23 S.Ct. 611, 614, 47 L.Ed. 721."